CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUL 18 2006

JOHN F. CORCORAN, CLERK
BY:
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| GRANT REINER, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 7:06CV00114 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| CARILION HEALTH SYSTEM, | ) | By: Hon. Glen E. Conrad |
| | ) | United States District Judge |
| Defendant. | ) | |

Grant Reiner brings this contract action against Carilion Health System ("Carilion"), alleging that the defendant breached a contract with him by ordering him out of its training and employment residency program. Plaintiff is proceeding pro se. Jurisdiction is premised on diversity of citizenship. See 28 U.S.C. § 1332(a). The case was filed in the Circuit Court for the City of Roanoke on January 27, 2006. On February 23, 2006, the defendant removed the case to this court. The case is currently before the court on the defendant's motion for summary judgment. For the reasons stated in this Memorandum Opinion, the court will grant the defendant's motion for summary judgment.

## BACKGROUND

On May 14, 2002, the plaintiff signed a contract with Carilion, accepting appointment as a first year resident in surgery from July 1, 2002, through June 30, 2003. The contract set forth the responsibilities of the plaintiff, including:

    A.    Develop a program for professional growth with guidance from the teaching staff;

B. Participate in safe, effective, and compassionate patient care under supervision, commensurate with [] level of advancement and responsibility;
C. Participate fully in the educational activities of the program and assume responsibility for teaching and supervising other Residents and students;
D. Participate in institutional programs and activities involving the Medical Staff;
E. Adhere to established practices, procedures, and policies of the institutions; and participate in committees as requested; and
F. Utilize cost containment measures in the provision of patient care.

(Def.'s Mem. Supp. Summ. J. Ex. A.) The contract stated that "failure to meet [these] responsibilities may result in sanctions, suspension, probation, or dismissal." (Def.'s Mem. Supp. Summ. J. Ex. A.) The agreement also provided that Reiner would not resign prematurely except for health reasons or circumstances over which he had no control, or by mutual agreement with Carilion. (Def.'s Mem. Supp. Summ. J. Ex. A.)

On March 4, 2003, the plaintiff submitted a resignation letter to Carilion, stating that he resigned from his residency position, effective on or before April 1, 2003. (Def.'s Mem. Supp. Summ. J. Ex. A.) In his Motion for Judgment filed in the Circuit Court for the City of Roanoke, the plaintiff contends that the contract was violated by the defendant on March 31, 2003, when the defendant ordered the plaintiff to leave the residency program. (Mot. for J.)

The defendant filed a motion for summary judgment on May 26, 2006. On May 30, 2006, the court issued a Roseboro Notice to the plaintiff. The plaintiff's response was filed on June 12, 2006. Upon agreement of the parties, the matter will be decided by the court without oral argument.

2

## DISCUSSION

The case is presently before the court on the defendant's motion for summary judgment. Summary judgment is properly granted if "there is no genuine issue as to any material fact and the ... moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The court should grant summary judgment "only where it is perfectly clear that no issue of fact is involved and inquiry into the facts is not desirable to clarify the application of the law ...." Charbonnages de France v. Smith, 597 F.2d 406, 414 (4th Cir. 1979) (internal quotations omitted). For the evidence to raise a genuine issue of material fact and avoid summary judgment, it must be "such that a reasonable jury could return a verdict for the non-moving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). In determining whether to grant a motion for summary judgment, the court must view the record in the light most favorable to the non-moving party. Terry's Floor Fashions, Inc. v. Burlington Indus., Inc., 763 F.2d 604, 610 (4th Cir. 1985).

### Defendant's Motion for Summary Judgment

The defendant contends that the plaintiff breached the contract with Carilion by voluntarily resigning from the residency program on March 4, 2003. According to the defendant, therefore, it did not breach the residency agreement because the plaintiff had already resigned.

In an action where jurisdiction in this court is based upon diversity of citizenship, this court must apply the substantive law of the forum state, including the choice of law rules. Klaxon Co. v. Stentor Elec. Mfg. Co., 313 U.S. 487, 496-97 (1941) (citing Erie R.R. Co. v.

3

Tompkins, 304 U.S. 64, 78 (1938)). According to Virginia law, issues as to the validity, effect, and interpretation of a contract are determined in reference to the law of the state where the contract was made. Seabulk Offshore, Ltd. v. Am. Home Assur. Co., 377 F.3d 408, 419 (4th Cir. 2004) (internal citation omitted). The law of the place of the performance of the contract governs all questions arising in regards to the performance of a contract. Equitable Trust Co. v. Bratwursthaus Mgmt. Corp., 514 F.2d 565, 567 (4th Cir. 1975). As the residency agreement was to be performed in Virginia, Virginia law should govern this matter.

Under Virginia law, the party who commits the first breach of a contract cannot enforce the contract, as long as the breach goes to the "root of the contract." Horton v. Horton, 487 S.E.2d 200, 203 (Va. 1997). When the first party to breach the contract commits a material breach, that party cannot enforce the contract. Id. The Supreme Court of Virginia has defined a "material breach" as "something that is so fundamental to the contract that the failure to perform that obligation defeats an essential purpose of the contract." Id. at 204. If one party commits a material breach, the other party is excused from performing its obligations under the contract. Id.

According to the defendant, the plaintiff's resignation letter, written before the expiration of the residency agreement, was considered by Carilion to be a breach of the agreement. The residency agreement between the plaintiff and the defendant covered the period from July 1, 2002, to June 30, 2003. The plaintiff's resignation letter was submitted on March 4, 2003. This constituted a material breach of the contract, which provided that he would not "prematurely resign [his] appointment except for reasons of health or circumstances

4

over which [he has] no control; or by mutual agreement with Carillon [sic]." (Def.'s Mem. Supp. Summ. J. Ex. A.) The court concludes as a matter of law that by submitting the letter of resignation dated March 4, 2003, the plaintiff breached the contract in a way that defeated an essential purpose of the contract. Even viewing the facts in the light most favorable to the plaintiff, and finding that the defendant committed the acts alleged on March 31, 2003, the defendant did not breach the contract with Reiner because Reiner had already breached the contract. The defendant's motion for summary judgment will therefore be granted.

The plaintiff claims that the defendant violated the residency agreement by ordering him out of the program on March 31, 2003. Inasmuch as the plaintiff had already breached the residency agreement by this time, the defendant had been excused from its obligations under the contract and therefore did not breach the contract. See Horton v. Horton, 487 S.E.2d 200, 203 (Va. 1997).

## CONCLUSION

For the reasons stated, the court concludes that the facts viewed in the light most favorable to the plaintiff do not establish that the defendant breached its contract with the plaintiff. The defendant's motion for summary judgment will be granted.

The Clerk is directed to send certified copies of this Memorandum Opinion and the accompanying Order to the plaintiff and all counsel of record.

ENTER: This 17th day of July, 2006.

_____
United States District Judge